Case 3:15-cv-00225 Document 26 Filed in TXSD on 08/02/16 Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 03, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PAULINE DOUGLAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-225 |
| | § | |
| OCEANVIEW HEALTHCARE, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Pauline Douglas ("Douglas") brings this action against Defendant Oceanview Healthcare Inc. ("Oceanview"), alleging for disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act ("ADA"). Pending before the Court is Defendant Oceanview's Motion to Compel Arbitration and to Dismiss or Stay Proceedings (Dkt. 19). For the reasons stated below, Defendant's Motion is **GRANTED**. The claims asserted by Douglas are to be decided by binding arbitration. 9 U.S.C. § 4.

In addition, because the Court is satisfied that this lawsuit is referable to arbitration under the parties' agreement, the Court **ORDERS** that this action be **STAYED** pending the arbitration proceedings. 9 U.S.C. § 3.

### BACKGROUND

Douglas was employed as an Assistant Director of Nursing at a nursing home in Texas City, Texas. Douglas alleges that the nursing home was operated by Oceanview Healthcare, Inc. and related entities, Ensign Group, Inc. and Keystone Care, LLC.

1

Douglas alleges that she was injured at work on July 31, 2013, and she also alleges that the Defendants failed to provide her with necessary medical care and treatment that she had been promised as terms of her employment. Douglas also alleges that, while she was recovering from her injuries, she was subjected to discrimination and retaliation, and ultimately fired on September 16, 2013.

After her termination, Douglas filed two separate lawsuits in two Galveston County district courts. Both of her lawsuits were filed on July 22, 2015, several hours apart, and both were filed by the same attorney. In Douglas' first lawsuit, filed in the 10th District Court of Galveston County and numbered 15-cv-0788, she asserted causes of action for negligence, fraud, negligent misrepresentation, and promissory estoppel. Douglas alleges that Defendants negligently "failed to adequately supervise their employees, provided unsafe instrumentalities, and instructed them to perform unreasonably hazardous tasks [and]. . . failed to use ordinary care in providing a safe workplace for Plaintiff." Douglas also alleges Defendants fraudulently or negligently promised that they would "provide medical coverage and protection for on the job injuries," and that "employees who are injured in the course and scope of their employment will receive proper medical care and treatment." Douglas' petition in this lawsuit seeks actual and punitive damages, including medical expenses incurred for the reasonable and necessary care and treatment of her injuries, past and future physical impairment and disability, past and future physical pain and suffering, past and future lost wages, past and future lost earning capacity, and past and future mental anguish.

Douglas' second lawsuit was filed in the 212th District Court of Galveston County, Texas, and was numbered 15-CV-764. In that lawsuit, Douglas alleged that, after her July 31, 2013 injury, her doctor placed her on a "light duty work restriction" and instructed her to undergo physical therapy. Douglas alleged that Oceanview failed to accommodate her requests for time off for physical therapy and medical treatment, and that it instead "unfairly punished [her] for needing to take off for physical therapy and medical treatment." Additionally, Douglas alleged that she was denied a pay raise that she had previously been promised. Ultimately, Douglas alleged that she was improperly terminated in September 2013, and that her termination was (1) because of her disability and (2) in retaliation for her request for reasonable accommodations. Accordingly, Douglas sued for disability discrimination, failure to accommodate, and retaliation under the Texas Labor Code and the American with Disabilities Act. As damages, she sought "compensatory and punitive damages," specifically, her past and future lost wages, past and future mental anguish, and attorney's fees.

Both of Douglas' lawsuits were removed to this federal court. On January 12, 2016, the Court remanded Douglas' first lawsuit No. 3:15-cv-245, because Douglas' claims of negligence, fraud, negligent misrepresentation, and promissory estoppel are state law claims that were not properly removed to federal court.

On May 11, 2016, Oceanview filed the pending Motion to Compel Arbitration. Dkt. 19. Asserting that Douglas' claims arise from her employment at Oceanview and that Douglas agreed to arbitrate any claim arising from her employment at Oceanview, Oceanview moves the Court to compel arbitration. *Id* at p. 2. In response, Douglas

3

asserts there is no valid agreement to arbitrate and that the doctrine of waiver precludes Oceanview from compelling arbitration. *See* Dkt. 22.

## STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") permits a party to file a motion to compel arbitration when an opposing "party has failed, neglected, or refused to comply with an arbitration agreement." *American Bankers Ins. Co. of Florida v. Inman,* 436 F.3d 490, 493 (5th Cir. 2006) (quoting *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991)); *see also* 9 U.S.C. § 4. Section 4 of the FAA permits a party to seek an order compelling arbitration if the other party has failed to arbitrate under a written agreement.

When deciding whether parties should be compelled to arbitrate, courts conduct a two-step inquiry. *OPE International LP v. Chet Morrison Contractors, Inc.,* 258 F.3d 443, 445 (5th Cir. 2001). First, a court must decide whether the parties agreed to arbitrate their dispute, *i.e.*, "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* Second, if the court determines that the parties agreed to arbitrate the dispute, the court must consider "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id* at 446. If a valid agreement is found, and there are no legal constraints external to the agreement that foreclose arbitration, arbitration is mandatory. *See Volt Information Sciences Inc. v. Bd. Of Trustees of Leland Stanford Junior University,* 109 S. Ct. 1248, 1254-1256 (1989); *See also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.,* 105 S. Ct. 3346, 3354-

4

3355 (1985) ("Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.").

## ANALYSIS

### A. Are Douglas' Claims Against Oceanview Subject to Arbitration?

The first step in the analysis requires this Court to determine whether there is a valid agreement to arbitrate. *Tittle v. Enron Corp.*, 463 F. 3d 410, 418 (5th Cir. 2006). Oceanview points to the Mutual Agreement to Arbitrate that is contained in the Ensign Facility Services, Inc. Occupational Injury Plan ("Occupational Injury Plan"). *See* Dkt. 19, Ex. A p. 21. Oceanview submits evidence showing that Douglas signed an Acknowledgement of Receipt of Mutual Agreement to Arbitrate ("Acknowledgement"). *See* Dkt. 19, Ex. B p. 1. By signing the Acknowledgement, Douglas confirmed that she received a copy of the arbitration agreement. The Acknowledgement states that "the undersigned acknowledges that he or she has received a copy of the Mutual Agreement to Arbitrate…". *Id.* The agreement further states in bold and enlarged letters: **"Acknowledgment of Receipt of Mutual Agreement to Arbitrate, Summary Plan Description And Other Nonsubscriber Documents."** *Id.*

Under the FAA, "a written arbitration agreement is prima facie valid and must be enforced unless the opposing party…alleges and proves…such grounds as exist at law or in equity for the revocation of the contract." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F. 3d 327, 341 (5th Cir. 2004); 9 U.S.C. § 2. Accordingly, the Court

finds that Oceanview has made the *prima facie* showing necessary to compel arbitration of Douglas' claims.

Douglas provides two reasons for finding that there is no valid agreement to arbitrate the dispute in question and for declining to submit the dispute to arbitration. (*See* Dkt. 22). Having considered each objection, the Court finds that neither has merit. The Court addresses each of Douglas' arguments in detail below.

### B. Did Douglas Receive Sufficient Notice of the Arbitration Agreement?

Douglas first argues that a valid agreement to arbitrate does not exist because there was no valid notice or acceptance of the agreement to arbitrate.[1] *See* Dkt. 22, p. 8. An agreement to arbitrate is a matter of contract. *Carey v. 24 Hour Fitness, USA, Inc.,* 669 F. 3d 202, 205 (5th Cir. 2002). Thus, federal courts apply ordinary state-law principles that govern the formation of contracts. *Morrison v. Amway Corp.,* 517 F. 3d 248, 254 (5th Cir. 2008). An employer may enforce an arbitration agreement if the employee received notice of its arbitration policy and accepted it. *In re Halliburton Co.,* 80 S.W. 3d 566, 568 (Tex. 2002). An employee has notice if she has knowledge of the terms of an arbitration provision. *Id.* The Texas Supreme Court has found that "whatever fairly puts a person on inquiry is sufficient notice, whether the means of knowledge are at hand,

---

[1] In *OPE International,* the Fifth Circuit noted that there is a second prong by which to determine "whether the parties agreed to arbitrate the dispute." 258 F. 3d 443, 445. This inquiry requires the Court to address "whether the dispute in question falls within the scope of the arbitration." *Id.* The Fifth Circuit has held that arbitration should not be denied "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Neal v. Hardee's Food Sys., Inc.,* 918 F. 2d 34, 37 (5th Cir. 1990). Here, although Douglas did not raise a scope argument, the Court notes that Douglas' signature acknowledging she received a copy of the arbitration agreement, in addition to the clear language of the arbitration agreement, requires the Court to find the Acknowledgement susceptible to an interpretation which would cover the dispute at issue.

6

which if pursued by the proper inquiry the full truth might have been ascertained." *Champlin Oil & Ref. Co. v. Chastain,* 403 S.W.2d 376, 388–89 (Tex.1965).

Douglas alleges that she did not received adequate notice of the arbitration agreement because she never received a copy of the Mutual Agreement to Arbitrate. *See* Dkt. 22, p. 7-8. Oceanview asserts that by signing the Acknowledgment, even if she did not actually receive the documents, Douglas was placed on notice of an arbitration provision. Dkt. 23, p. 4. Thus, Oceanview contends that as a matter of law Douglas had notice of the terms of the arbitration agreement. *Id.* Oceanview also asserts that, by continuing to work after receiving notice of the arbitration agreement, Douglas accepted the terms of the arbitration agreement. *Id* at p. 7. The Court agrees.

Douglas admits to signing the Acknowledgment which clearly indicates that she had received a copy of the arbitration agreement. *See* Dkt. 22, p. 3-4. In Texas, a person that signs a contract is presumed to have read it and is bound by its terms. *In re Prudential Co. of Am.,* 148 S.W. 3d 124, 134 (Tex. 2004). Douglas' statements that she never received the documents are insufficient to raise a fact issue in light of her signature acknowledging that she received a copy of the Mutual Agreement to Arbitrate. Taking Douglas' argument on its face would open the floodgate doors, allowing plaintiffs who sign contracts to get around their terms by simply alleging that they did not receive the forms indicated in the contract. Accordingly, this Court finds that by signing the Acknowledgment Douglas was placed on inquiry notice of the arbitration agreement. Further, this Court finds that by continuing to work after receiving notice of the arbitration agreement, Douglas accepted the terms of the arbitration agreement. *See In re*

*Halliburton Co.,* 80 S.W. 3d at 568 (quoting *Hathaway v. General Mills, Inc.,* 711 S.W.2d 227, 229 (Tex. 1986)) (Holding that when an employee "continues working with knowledge of the changes, he has accepted the changes as a matter of law.").

### C. Did Oceanview Waive the Right to Compel Arbitration?

Douglas also argues that the doctrine of waiver precludes Oceanview from compelling arbitration. *See* Dkt. 22 p. 9. "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F. 2d 494, 497 (5th Cir. 1986). Waiver occurs when the party seeking arbitration "engage(s) in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration. *Keytrade USA v. Ain Temouchent MIV,* 404 F. 3d 891, 897 (5th Cir. 2005) (quoting *Republic Ins. Co. v. PAICO Receivables, LLC,* 383 F. 3d 341, 344 (5th Cir. 2004). "Waiver of arbitration is not a favored finding and there is a presumption against it." *Lawrence v. Comprehensive Business Services Co.,* 833 F. 2d 1159, 1164 (5th Cir. 1987).

In this action, Oceanview has retained its right to arbitrate. Other than filing this motion to compel arbitration, Oceanview's only action was to remove this case to this Court. (Dkt. 1). No discovery has taken place, and this case remains in its early stages. Upon removal to this Court, Oceanview filed the motion to compel. (Dkt. 19). This action is not sufficient to constitute a waiver of the right to arbitrate. *See Walker v. J.C. Bradford & Co.,* 983 F. 2d 575, 576-579 (5th Cir. 1991) (holding that arbitration was not waived despite three amendments to scheduling order, discovery between the parties, and

8

ten months elapsed after the case was removed to federal court). Accordingly, the Court finds that Oceanview has not waived its right to compel arbitration of Douglas' claims.

## CONCLUSIONS

For the reasons stated above, Oceanview's motion to compel arbitration is hereby **GRANTED**. The claims asserted by Plaintiff Pauline Douglas are to be decided by binding arbitration. 9 U.S.C. § 4. In addition, because the Court is satisfied that this lawsuit is referable to arbitration under the parties' agreement, the Court **STAYS** this action pending the arbitration proceedings. 9 U.S.C. § 3.

SIGNED at Galveston, Texas on _August 2_ 2016.

                                                  GEORGE C. HANKS, JR.
                                                UNITED STATES DISTRICT JUDGE